1  JOHN R. CLIFFORD, ESQ. (State Bar No. 124203)
   PATRICK W. BERRY, ESQ. (State Bar 281766)
2  **WILSON, ELSER, MOSKOWITZ,**
   **  EDELMAN & DICKER LLP**
3  655 West Broadway, Suite 900
   San Diego, CA 92101-8484
4  Telephone: (619) 321-6200
   Facsimile: (619) 321-6201
5  Email: john.clifford@wilsonelser.com
   Email: patrick.berry@wilsonelser.com
6
   Attorneys for Defendants USPLABS, LLC, JONATHON DOYLE, JACOB
7  GEISSLER, USPLABS JACK3D, LLC, and USPLABS HOLDING, LLC

8              **UNITED STATES DISTRICT COURT**

9            **SOUTHERN DISTRICT OF CALIFORNIA**

10
   LEANNE SPARLING and MICHAEL ) Case No.: 3:13-cv-00667-JLS-DHB
11 J SPARLING, on behalf of and as      )
   representatives for MICHAEL L        ) **MEMORANDUM OF POINTS AND**
12 SPARLING, deceased,                  ) **AUTHORITIES IN SUPPORT OF**
                                        ) **MOTION TO DISMISS COMPLAINT**
13                        Plaintiff,    ) **FOR LACK OF PERSONAL**
                                        ) **JURISDICTION AND FAILURE TO**
14     vs.                              ) **STATE A CLAIM**
                                        )
15 USPLABS, LLC, JONATHAN               ) **Fed. R. Civ. P. 12(b)(2),(6)**
   VINCENT DOYLE (an individual),       )
16 JACOB GEISSLER (an individual),      ) (SDSC Case: 37-2013-00034663-CU-PL-CTL)
   USPLABS JACK3D, LLC, USPLABS         )
17 HOLDING, LLC, GNC                    ) Judge:      Hon. Janis L. Sammartino
   CORPORATION, NATURAL                 ) Courtroom:  3B (Schwartz)
18 ALTERNATIVES                         ) Magistrate: Hon. David H. Bartick
   INTERNATIONAL, INC., and DOES        ) Courtroom:  10th Floor (Annex)
19 1-500, Inclusive,                    )
                                        )
20                        Defendants.   ) Date:       May 9, 2013
                                        ) Time:       1:30 p.m.
21                                      ) Judge:      Hon. Janis L. Sammartino
                                        ) Courtroom:  3B (Schwartz)
22 _____)

23

24

25

26

27

28

                                        1

## <u>TABLE OF CONTENTS</u>

I.     INTRODUCTION AND SUMMARY OF ARGUMENT ............................. 1

II.    FACTS AS ALLEGED IN THE COMPLAINT ................................. 2

III.   ARGUMENT ..................................................................... 3

    A.  Defendants Doyle, Geissler, Jack3d and USP Holding are not
        Subject to Personal Jurisdiction in California ................................. 3

        1.  Defendants Doyle And Geissler Are Not Subject To
            Specific Jurisdiction In California ..................................... 3

        2.  Defendants Jack3d And Usp Holding Are Not Subject
            To General Jurisdiction In California ............................... 7

        3.  Defendants Jack3d And Usp Holding Are Not Subject
            To Specific Jurisdiction In California ............................... 9

    B.  Plaintiffs' Complaint Fails to State a Claim Against Defendants
        Under FRCP 12(b)(6) ............................................................. 11

        1.  Under California Law, Plaintiffs Have Failed To Fulfill
            Their Pleading Requirements ........................................ 12

        2.  Authority To Dismiss Claims Pursuant To Frcp
            12(B)(6) ..................................................................... 13

        3.  Plaintiff's Seventh Cause Of Action For Violations Of
            California Business And Professions Code §17200 Is
            Barred ...................................................................... 14

        4.  Under Either California Or Texas Law, Plaintiffs Claim
            For Punitive Damages Must Be Dismissed ........................... 19

IV.    CONCLUSION ................................................................. 21

1

## <u>TABLE OF AUTHORITIES</u>

2

**Cases**

3

Ashcroft v. Iqbal,
4
   556 U.S. 662, 678 (2009) .................................................................. 13, 14, 17

5

Balistreri v. Pacifica Police Dept.,
   901 F.2d 696, 699 (9th Cir. 1990) ................................................................. 13

6

Ballard v. Savage,
7
   65 F.3d 1495, 1500 (9th Cir. 1995) ............................................................. 6, 10

8

Bancroft & Masters, Inc. v. Augusta Nat'l, Inc.,
   223 F.3d 1082, 1086 (9th Cir.2000) ................................................................. 8

9

Bell Atl. Corp. v. Twombly,
10
   550 U.S. 544, 555 (2007) .................................................................. 13, 14, 17

11

Calder v. Jones,
   465 US 783, 790 (1984) ..................................................................... 3, 4, 5

12

Clark v. State Farm Mutual Automobile Ins. Co.,
13
   231 F.R.D. 405, 406 (C.D. Cal. 2005) .............................................................. 17

14

Core-Vent Corp. v. Nobel Industries AB,
   11 F.3d 1482, 1487-88 (9th Cir. 1993) ..................................................... 7, 10, 11

15

Data Disc, Inc. v. Systems Technology Assoc., Inc.,
16
   557 F.2d 1280, 1286-1287, n.3 (9th Cir. 1977) .................................................... 4, 9

17

Decker v. GlenFed, Inc.,
   42 F.3d 1541, 1548 (9th Cir. 1994 .................................................................. 18

18

Dole Food Co, Inc. v. Watts,
19
   303 F.3d 1104 (9th Cir. 2002) ....................................................................... 4

20

Durham v. Lockheed Martin Corp.,
   445 F.3d 1247, 1250 (9th Cir.2006) ................................................................ 15

21

Ford Motor Co. v. Super.Ct.,
22
   120 Cal.App. 3d 748 (1981) ........................................................................ 21

23

General Chemical Corp. v. De La Lastra,
   852 S.W.2d 916, 923 (Tex. 1993) ................................................................... 20

24

Georgie Boy Mfg., Inc. v. Super.Ct.,
25
   115 Cal.App. 3d 217 (1981) ........................................................................ 21

26

Goodyear Dunlop Tires Operations, S.A. v. Brown,
   —— U.S. ——, 131 S.Ct. 2846, 2851 (2011) ......................................................... 8

27

Helicopteros Nacionales de Colombia, S.A. v. Hall,
28
   466 U.S. 408, 416 (1984) ........................................................................... 8

In re Paris Air Crash,
  622 F.2d 1315 (9th Cir. 1980)..................................................................21

Indiana Plumbing Supply, Inc. v. Standard of Lynn, Inc.,
  880 F.Supp. 743, 750 (C.D. CA 1995) ....................................................5

International Shoe Co. v. Washington,
  326 US 310, 316 (1945) ................................................................3, 7, 8

James Stewart & Co. v. Sadrakula,
  309 U.S. 94, 100 (1940) ..........................................................................15

Jenkins v. Whittaker Corp.
  785 F.2d 720 (9th Cir. 1986)....................................................................16

John Doe v. Unocal Corp.,
  248 F.3d 915, 924 (9th Cir. 2001 ......................................................6, 10

Kearns v. Ford Motor Co.,
  567 F.3d 1120, 1125-26 (9th Cir. 2009) ................................................18

Keeton v. Hustler Magazine, Inc.,
  465 US 770, 781, fn. 13 (1984)..................................................................3

King v. Am. Family Mut. Ins. Co.,
  632 F.3d 570, 579 (9th Cir.2011).............................................................8

Kransco Mfg., Inc. v. Markwitz,
  656 F.2d 1376, 1377 (9th Cir. 1981) ........................................................4

Mater v. Holley,
  200 F.2d 123, 124 (5th Cir.1952) ...........................................................15

Mattel, Inc. v. Greiner & Hausser GmbH,
  354 F3d 857, 862 (9th Cir. 2003)..............................................................3

Mavrix Photo, Inc. v. Brand Technologies, Inc.,
  647 F.3d 1218, 1223-25 (9th Cir. 2011) ..................................................8

Mihlon v. Sup.Ct. (Murkey),
  169 Cal.App. 3d 703, 713 (1985)..............................................................3

Moreno v. Sterling Drug, Inc.,
  787 S.W.2d 348, 357 n.10 (Tex. 1990)...................................................20

Pacific Coast Dairy v. Department of Agriculture,
  318 U.S. 285 294 (1943) .........................................................................14

Paul v. United States,
  371 U.S. 245, 268 (1963) ........................................................................15

Quadrini v. Sikorsky Aircraft Division, United Aircraft Corp.,
  425 F.Supp. 81 (D.C.Conn.1977) ..........................................................16

iii

Resnick v. Sikorsky Aircraft, a Div. of United Technologies Corp.
   660 F.Supp. 415 (D. Conn. 1987) ........................................................ 17

Schwarzenegger v. Fred Martin Motor Co.,
   374 F.3d 797, 802 (9th Cir. 2004) ............................................... 4, 5, 8

Scoggins v. Southwestern Electric Service Co.,
   434 S.W.2d 376 ...................................................................................... 20

Sher v. Johnson,
   911 F2d 1357, 1366 (9th Cir. 1990) .................................................... 3

Sherman v. Stryker Corp.,
   2009 WL 2241664, at *2 (C.D. Cal. Mar. 30, 2009) .......................... 18

Slepian v. Guerin,
   172 F.3d 58 (9th Cir. 1999) ..................................................................... 4

Sprewell v. Golden State Warriors,
   266 F.3d 979, 988 (9th Cir. 2001) ........................................................ 13

Stiefel v. Bechtel Corp.,
   497 F.Supp.2d 1138, 1147 (S.D. Cal. 2007) ................................... 14, 15

Strom v. United States,
   641 F.3d 1051, 1067 (9th Cir. 2011) .................................................... 13

Tarasoff v. Regents of Univ. of Calif.,
   17 Cal. 3d 425, 450 (1976) ..................................................................... 21

Taylor v. Lockheed,
   78 Cal. App. 4th 472, 482 (2000) .......................................................... 15

Tuazon v. R.J. Reynolds Tobacco Co.,
   433 F.3d 1163, 1172 (9th Cir.2006) ....................................................... 8

Warren v. Fox Family Worldwide, Inc.,
   328 F.3d 1136, 1139 (9th Cir. 2003) .................................................... 13

**Statutes**

California Business and Professions Code section 17200 .................... 16, 17, 19

California Code of Civil Procedure section 377.32 .................................. 12

California Code of Civil Procedure section 377.34 .................................. 20

California Code of Civil Procedure section 377.61 .................................. 21

California Code of Civil Procedure section 410.10 .................................... 3

Fed. R. Civ. P. 8(a)(2) .................................................................................. 14

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendants USPLABS, LLC ("USP"), JONATHAN VINCENT DOYLE ("Doyle"), JACOB GEISSLER ("Geissler"), USPLABS JACK3D, LLC ("Jack3d"), and USPLABS HOLDING, LLC ("USP Holding") hereby submit this memorandum of points and authorities in support of their motion to dismiss:

## I.   INTRODUCTION AND SUMMARY OF ARGUMENT

Plaintiffs LEANNE SPARLING and MICHAEL J. SPARLING (hereinafter "Sparlings") originally filed their Complaint on behalf of themselves and as purported representatives of MICHAEL L. SPARLING, deceased, in the Superior Court for the State of California, in the County of San Diego on February 13, 2013. The Sparlings' Complaint names USPLabs, LLC, Jonathan Vincent Doyle, Jacob Geissler, USPLabs Jack3d, LLC, USPLabs Holding, LLC, GNC Corporation, and Natural Alternatives International, Inc.  The Sparling's Complaint alleges negligence, strict products liability (defective design), strict products liability (failure to warn), breach of express warranty, breach of implied warranty, unlawful business acts and practices in violation of California Business and Professions Code section 17200, punitive damages, and wrongful death.  Defendants removed the matter to this Court on March 21, 2013 based on federal question jurisdiction founded in the federal enclave doctrine, as all of the pertinent events alleged in Plaintiffs' Complaint occurred on Fort Bliss Military Base in the state of Texas.

As explained in this motion, the Court should dismiss the Complaint on the following grounds:

1)      Defendants Doyle, Geissler, Jack3d and USP Holding do not reside in the State of California or in this judicial district.  Doyle and Geissler are citizens and domiciles of the state of Texas.  Defendant Jack3d is a Wyoming limited liability company with its principal place of business in the state of Texas. Defendant USP Holding is a Texas limited liability company which never conducted any business. The state of California does not have personal jurisdiction over these Defendants.

1

2)     As a threshold matter, Plaintiffs do not have standing.  Plaintiffs are not in compliance with California Code of Civil Procedure §337.32, which requires any person "who seeks to commence an action or proceeding … as decedent's successor in interest" file an affidavit stating the "declarant is the decedent's successor in interest." Id. §337.32(a)(5)(A).  Plaintiffs have failed to file such an affidavit and they have failed to provide the Court with the decedent's death certificate, as required by C.C.P. §337.32.

3)     Additionally, Plaintiffs' claims based on California Business & Professions Code § 17200, *et seq.*, cannot stand under California law, Texas law, or applying the federal enclave choice of law principles.

4)     Finally, Plaintiffs' cause of action for punitive damages cannot stand, either under Texas law or California law.

## II.   FACTS AS ALLEGED IN THE COMPLAINT

This is a wrongful death case which was plead under various other claims. The central theme of the Complaint surrounds a dietary supplement by the name of Jack3d.  Jack3d is a product sold by Defendant USP Labs, LLC.  Plaintiffs allege that Jack3d contains an ingredient, commonly referred to as DMAA, which can have adverse effects on individuals causing cardiovascular issues. [Plaintiffs' Complaint, ¶ 4.]

In their Complaint, Plaintiffs allege that on June 1, 2011, the Plaintiffs' son Michael L. Sparling took Jack3d, which he purchased from a GNC store on the Fort Bliss Military Base in the state of Texas.  [Plaintiffs' Complaint, ¶ 26.]  Shortly after taking Jack3d he engaged in physical training with his army unit, during which he collapsed, requiring immediate medical attention.  [Plaintiffs' Complaint, ¶ 26.] Plaintiffs' allege that their son suffered cardiac arrest, hyperthermia, rhabdomyolysis, disseminated intravascular coagulation, death and related injuries.  [Plaintiffs' Complaint, ¶ 27.]

III.   **ARGUMENT**

A.   **Defendants Doyle, Geissler, Jack3d and USP Holding are not Subject to Personal Jurisdiction in California**

Due Process requires that, in order for a forum to exercise personal jurisdiction over a nonresident defendant, the defendant must "have certain minimum contacts with it such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" [International Shoe Co. v. Washington, 326 US 310, 316 (1945)]. In California, a court may exercise jurisdiction on any basis not inconsistent with the state or federal constitutions. [C.C.P. § 410.10.]  The plaintiff bears the burden of establishing the district court's personal jurisdiction over the defendant. [Mattel, Inc. v. Greiner & Hausser GmbH, 354 F3d 857, 862 (9th Cir. 2003).]

Because Defendants Doyle, Geissler, Jack3d and USP Holding are not citizens of California, do not reside in California and do not have continuous, systematic or substantial contact with California which would subject them to personal jurisdiction, they are unquestionably not subject to general jurisdiction in California.

1.   Defendants Doyle and Geissler are not Subject to Specific Jurisdiction in California

Personal jurisdiction over a business does not automatically establish personal jurisdiction over its officers, directors, agents and employees. [Keeton v. Hustler Magazine, Inc., 465 US 770, 781, fn. 13 (1984)].  If partners are sought to be held individually liable for their partnership, minimum contacts must be established with each partner and each defendant's "contacts" with the forum state must be evaluated separately.  [Id.; Sher v. Johnson, 911 F2d 1357, 1366 (9th Cir. 1990)); See Calder v. Jones, 465 US 783, 790 (1984); and Mihlon v. Sup.Ct. (Murkey), 169 Cal.App. 3d 703, 713 (1985).]

California's long-arm statute, Code of Civil Procedure section 410.10, "imposes limits on the power of California courts to exercise personal jurisdiction

3

1    that are coextensive with the outer limits of due process under the state and federal

2    constitutions, as those limits have been defined by the United States Supreme Court."

3    [Kransco Mfg., Inc. v. Markwitz, 656 F.2d 1376, 1377 (9th Cir. 1981) (quotations

4    omitted).]   California courts have expressly held that they may exercise jurisdiction

5    to the fullest extent allowed by federal due process.   [Data Disc, Inc. v. Systems

6    Technology Assoc., Inc., 557 F.2d 1280, 1286-1287, n.3 (9th Cir. 1977).]

7         If a defendant's activities with a forum state are not so pervasive to justify

8    general jurisdiction over the defendant, then specific jurisdiction must be shown to

9    exist.   The Ninth Circuit has established a three-part test for determining when

10   specific jurisdiction may be exercised. [See Data Disc, Inc., 557 F.2d at 1287.]   To

11   properly exercise specific jurisdiction: "(1) The nonresident defendant must do some

12   act or consummate some transaction with the forum or perform some act by which he

13   purposefully avails himself of the privilege of conducting activities in the forum,

14   thereby invoking the benefits and protections of its laws; (2) The claim must be one

15   which arises out of or results from the defendant's forum-related activities; and (3)

16   Exercise of jurisdiction must be reasonable." [Id.]   All three prongs must be met, and

17   the inability to satisfy any of the aforementioned prongs will result in the failure to

18   establish jurisdiction over the defendant. [Schwarzenegger v. Fred Martin Motor Co.,

19   374 F.3d 797, 802 (9th Cir. 2004).]   Moreover, the plaintiff bears the burden of

20   satisfying the first two prongs of the test. [Id.; Slepian v. Guerin, 172 F.3d 58 (9th

21   Cir. 1999).]   If the plaintiff succeeds in satisfying both of the first two prongs, the

22   burden then shifts to the defendant to "present a compelling case" that the exercise of

23   jurisdiction would not be reasonable. [Schwarzenegger, 374 F.3d at 802.]

24        The Ninth Circuit analyzes the first prong for personal jurisdiction, purposeful

25   availment and purposeful direction, as two separate analyses. In tort cases involving

26   purposeful direction, the Court evaluates such prong under the "effects" test from

27   Calder v. Jones, 465 U.S. 783 (1984). [See Dole Food Co, Inc. v. Watts, 303 F.3d

28   1104 (9th Cir. 2002).] Under Calder, the "effects" test requires that the defendant

4

allegedly (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state. [Id.]

a.   **Defendants Doyle and Geissler Have Not Purposefully Directed Their Activities at the State of California**

Under the first prong of a specific jurisdiction test, Plaintiffs must demonstrate that both Defendant Doyle and Defendant Geissler "purposefully availed" themselves of the privilege of conducting activities in California, or purposefully directed their activities toward California. [Schwarzenegger, 374 F.3d at 802.]   Plaintiffs' only basis for liability as to Defendants Doyle and Geissler is an alter ego claim.   To support personal jurisdiction over the individuals who are sought to be held liable as alter egos of the corporation, it must be shown that they personally directed the activities toward the forum state that gave rise to the complaint.   [See Indiana Plumbing Supply, Inc. v. Standard of Lynn, Inc., 880 F.Supp. 743, 750 (C.D. CA 1995).]   "[T]he plaintiff has the burden of establishing that the individual defendant personally directed the activities toward the forum state giving rise to the complaint." [Id. at 750 (citation omitted).]

In this case, there is no allegation that Defendants Doyle and Geissler have purposefully availed themselves nor are there allegations that they directed their personal activities towards the state of California.   These two individual Defendants are Texas citizens who are officers of a Texas company.   [Doyle Declaration ¶7; Geissler Declaration ¶7.]   The only allegations by which Plaintiffs attempt to assert liability against these individuals is there unsupported alter ego claims.   As set forth in the declarations of Doyle and Geissler, any conduct on their part related to corporate governance occurred in the state of Texas.   [Doyle Declaration ¶7; Geissler Declaration ¶7.]   Accordingly, they did not direct any conduct towards the state of California.   All of Defendants Doyle and Geissler's corporate activities with relation to the USP Defendants occurred in the state of Texas.   [Doyle Declaration ¶¶ 3,7;

5

Geissler Declaration ¶¶ 3,7.]  It would be unreasonable to subject them to personal jurisdiction in California.

b. **The Claim in this Case arises out of the Purchase of a Product in Texas, Alleged use of a Product in Texas, and Subsequent Injury which Occurred in Texas**

In analyzing the second prong required for personal jurisdiction, that a claim must arise out of the defendant's forum-related activities, the courts apply a "but for" test.  [John Doe v. Unocal Corp., 248 F.3d 915, 924 (9th Cir. 2001).]  The "but for" test is a simple test where the Plaintiff must demonstrate that the claims against the Defendant would not have arisen "but for" the Defendant's contact with the forum state.  [See Ballard v. Savage, 65 F.3d 1495, 1500 (9th Cir. 1995).]

In the instant matter, there is no evidence alleged in the Plaintiffs' Complaint to suggest that these claims would not have arisen "but for" Defendants' contact with the state of California.  The claims made in this case surround a product that was allegedly purchased, ingested, and caused subsequent injuries, all of which occurred on a federal enclave in the state of Texas.  [Plaintiffs' Complaint ¶¶ 26-27.]

c. **It would be Unreasonable for the State of California to Exercise Personal Jurisdiction Over Defendants Doyle and Geissler**

If Plaintiffs meet their burden in satisfying the first two prongs, which they cannot, then the Court must analyze the third and final prong for jurisdiction, reasonableness, by consider the following seven factors: (1) the extent of the defendants' purposeful interjection into the forum state's affairs; (2) the burden on the defendant of defending in the forum; (3) the extent of conflict with the sovereignty of the defendants' state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum. Core-Vent Corp. v. Nobel Industries AB, 11 F.3d 1482, 1487-88

(9th Cir. 1993). None of the factors are dispositive, and they must be balance together.

Defendants Doyle and Geissler have not purposefully interjected themselves into the forum state's affairs. Both Defendants will be faced with cross-country travel from their home-state of Texas to this Court to defend this suit, thus imposing an unreasonable burden on these Defendants. [Doyle Declaration ¶¶3,4; Geissler Declaration ¶¶3,4.] In addition, all of the key claims at issue in this case occurred in Texas and all of the pertinent evidence and witnesses will be in Texas. Accordingly, Texas has a significant interest in adjudicating the dispute and the most efficient judicial resolution of the controversy would be to hear it in Texas. As for the last Core-Vent factor, there does exist an alternative forum which could hear this matter: the United States District Court for the Western District of Texas.

In sum, Defendants Doyle and Geissler have not done business in the State of California; owned any real or personal property in the State of California; maintained a registered agent for service in California; owned, leased, possessed or maintained any real or personal property in California; owned, leased or maintained an office, residence or place of business in California; had an authorized agent or representative in California; paid taxes of any kind in the state of California; maintained any bank or savings and loan accounts in California; and/or maintained a telephone listing in California. [See Doyle Declaration ¶¶ 8-15; Geissler Declaration ¶¶ 8-15.] All of their activities as corporate officers have occurred in Texas. An exercise of personal jurisdiction over either of these defendants by the state of California would certainly offend "traditional notions of fair play and substantial justice." International Shoe Co., 326 US at 316.

2.    <u>Defendants Jack3d and USP Holding are not Subject to General Jurisdiction in California</u>

"A court may assert general jurisdiction over foreign (sister-state or foreign-country) corporations to hear any and all claims against them when their affiliations

7

1  with the State are so 'continuous and systematic' as to render them essentially at
2  home in the forum State." [Goodyear Dunlop Tires Operations, S.A. v. Brown, ——
3  U.S. ——, 131 S.Ct. 2846, 2851 (2011)]. For general jurisdiction to exist, a
4  defendant must engage in "continuous and systematic general business contacts,"
5  [Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 416 (1984)], that
6  "approximate physical presence" in the forum state.  [Bancroft & Masters, Inc. v.
7  Augusta Nat'l, Inc., 223 F.3d 1082, 1086 (9th Cir.2000)]. The defendant must have
8  "continuous corporate operations within a state [that are] thought so substantial and
9  of such a nature as to justify suit against [the defendant] on causes of action arising
10 from dealings entirely distinct from those activities."  [King v. Am. Family Mut. Ins.
11 Co., 632 F.3d 570, 579 (9th Cir.2011) (alterations in original) (quoting International
12 Shoe, 326 U.S. at 318).]

13      When determining whether a defendant's contacts are sufficiently substantial,
14 continuous, and systematic, courts consider the Defendant's "[l]ongevity, continuity,
15 volume, economic impact, physical presence, and integration into the state's
16 regulatory or economic markets."  [Tuazon v. R.J. Reynolds Tobacco Co., 433 F.3d
17 1163, 1172 (9th Cir.2006).]  "The standard for general jurisdiction 'is an exacting
18 standard, as it should be, because a finding of general jurisdiction permits a
19 defendant to be haled into court in the forum state to answer for any of its activities
20 anywhere in the world.'" Mavrix Photo, Inc. v. Brand Technologies, Inc., 647 F.3d
21 1218, 1223-25 (9th Cir. 2011) cert. denied, 132 S.Ct. 1101 (U.S. 2012) (quoting
22 Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 801 (9th Cir. 2004)).]

23      Defendant Jack3d is a limited liability company formed under the laws of
24 Wyoming with its principal place of business in Texas.  [Clark's Jack3d Declaration
25 ¶ 2.]   All of its business operations occur in Texas.   Jack3d has no offices in
26 California, owns no real or personal property in California, and has no employees in
27 this state.  [Clark's Jack3d Declaration ¶¶ 4-7.]  Exercising general jurisdiction over
28 Jack3d would therefore be unreasonable.

MOTION TO DISMISS PURSUANT TO 12(b)(2),(6)                          3:13-cv-00667-JLS-DHB
1690623.1

Similarly, Defendant USP Holding is a limited liability company formed under the laws of Texas.  [Clark's USP Holding Declaration ¶ 2; **Exhibit 1**.]  USP Holding has never conducted any business anywhere, [Clark's USP Holding Declaration ¶ 4], let alone any business in California.  USP Holding has no offices in California, owns no real or personal property in California, and has no employees in this state.  [Clark's USP Holding Declaration ¶¶ 5-8.]   Accordingly, exercising general jurisdiction over USP Holding would also be unreasonable.

3.   Defendants Jack3d and USP Holding are not Subject to Specific Jurisdiction in California

The <u>Data Disc</u> prongs for exercising specific jurisdiction over a foreign defendant apply to a corporation as well as an individual.  (1) The nonresident defendant must purposefully direct their activities at the forum state; (2) The claim must be one which arises out of or results from the defendant's forum-related activities; and (3) Exercise of jurisdiction must be reasonable [*See* <u>Data Disc, Inc. v. Systems Tech Assocs., Inc.</u>, 557 F.2d 1280, 1287 (9th Cir. 1977).]

a.   **Defendants Jack3d and USP Holding Have Not Purposefully Directed Their Activities at the State of California**

In this case, there are no allegations that Defendant Jack3d or Defendant USP Holding have purposefully availed themselves nor are there allegations that they directed their activities towards the state of California.  Jack3d is an entity formed under the laws of Wyoming with its principal place of business in Texas.  [Clark's Jack3d Declaration ¶ 2.]   Jack3d is a non-operational entity which does not manufacture, sell, distribute, market or otherwise operate in the state of California.  [Clark's Jack3d Declaration ¶ 2.]  There is no evidence alleging any presence in the state of California by Jack3d.

USP Holding is an entity formed under the laws of Texas which never conducted any business.  [Clark's USP Holding Declaration ¶ 4.]   There is no

9

1  evidence alleging any presence in the state of California by USP Holding.

2  Additionally, USP Holding was not in existence when Plaintiff-Decedent suffered his

3  alleged injuries.  [Clark's USP Holding Declaration ¶¶ 2, 12; **Exhibit 1**.]

4        Neither Defendant Jack3d nor Defendant USP Holding reside in California and

5  all corporate activities concerning these Defendants occur in the state of Texas.

6  [Doyle Declaration ¶¶ 3,7; Geissler Declaration ¶¶ 3,7; Clark's Jack3d Declaration ¶¶

7  2,10; Clark's USP Holding Declaration ¶¶ 2,3.]   Accordingly, an exercise of

8  jurisdiction over these Defendants would be unreasonable and in violation of their

9  due process rights.

10          b.      **The Claim in this Case arises out of the Purchase of a**

11                  **Product in Texas, Alleged use of a Product in Texas,**

12                  **and Subsequent Injury which Occurred in Texas**

13       Again, in analyzing the second prong required for personal jurisdiction, that a

14  claim must arise out of the defendant's forum-related activities, the courts apply a

15  "but for" test.  [John Doe v. Unocal Corp., 248 F.3d 915, 924 (9th Cir. 2001).]  The

16  "but for" test is a simple test where the Plaintiff must demonstrate that the claims

17  against the Defendant would not have arisen "but for" the Defendant's contact with

18  the forum state.  [*See* Ballard v. Savage, 65 F.3d 1495, 1500 (9th Cir. 1995).]

19       As previously mentioned, the claims made in this case surround a product that

20  was allegedly purchased, ingested, and caused subsequent injuries, all of which

21  occurred on a federal enclave in the state of Texas.  [Plaintiffs' Complaint ¶¶ 26-27.]

22  It cannot be said in this case that the claims against Jack3d and/or USP Holding

23  would not have arisen "but for" their contact with the state of California.

24          c.      **It would be Unreasonable for the State of California to**

25                  **Exercise Personal Jurisdiction Over Defendants Jack3d**

26                  **& USP Holding**

27       Applying the Core-Vent factors to an exercise of jurisdiction over either

28  Defendant Jack3d or Defendant USP Holding makes it apparent that such an exercise

10

would be unreasonable.   Neither Jack3d nor USP Holding has purposefully interjected itself into the state of California's affairs.  Both Jack3d and USP Holding would be faced with cross-country travel from Texas to this Court to defend this suit [Clark's Jack3d Declaration ¶2; Clark's USP Holding Declaration ¶¶2,3], thus imposing an unreasonable burden on these Defendants.  In addition, all of the key claims at issue in this case occurred in Texas and all of the pertinent evidence and witnesses will be in Texas.   Accordingly, Texas has a significant interest in adjudicating the dispute and the most efficient judicial resolution of the controversy would be to hear it in Texas.  As for the last <u>Core-Vent</u> factor, an alternative forum which could hear this matter certainly does exist and that forum is the Western District of Texas.

Defendants Jack3d and USP Holding are not incorporated in California; are not qualified to do business in California; have no subsidiaries incorporated or qualified to do business in California; have no officers or directors who reside or are domiciled in California; have no employees residing or domiciled in California; have no branch office or comparable facilities in California; have no telephone listings or mailing addresses in California; have no bank accounts or other tangible personal or real property in California.  Defendants Jack3d and Defendant USP Holding did not direct their business activities to the State of California, could not have reasonably anticipated being hailed into court here, and therefore this court lacks personal jurisdiction over these Defendants.

**B.**   **Plaintiffs' Complaint Fails to State a Claim Against Defendants Under FRCP 12(b)(6)**

It is unclear what law Plaintiffs' intend to apply to their claims.  Based on the fact that Plaintiffs filed their lawsuit in the Superior Court for the County of San Diego in the state of California, Defendants' believe that Plaintiffs' intend California law to apply to this case.  However, facts alleged by Plaintiffs establish that either Texas law or Federal law applies.  Regardless of which law applies, Plaintiffs' claims

11

for Unfair Business Practices and punitive damages cannot stand under California, Texas or Federal law.

     1.   <u>Under California Law, Plaintiffs Have Failed to Fulfill their Pleading Requirements</u>

Plaintiffs sue alleging various claims in support of their wrongful death action. What is not clear is whether they are attempting to plead a survivor action as well. The applicable survivor action statute, California Code of Civil Procedure section 377.32, provides:

> (a) The person who seeks to commence an action or proceeding or to continue a pending action or proceeding as the decedent's successor in interest under this article, shall execute and file an affidavit or a declaration under penalty of perjury under the laws of this state stating all of the following:
>
> …
>
>> (5)(A) "The affiant or declarant is the decedent's successor in interest (as defined in Section 377.11 of the California Code of Civil Procedure) and succeeds to the decedent's interest in the action or proceeding."
>> (6) "No other person has a superior right to commence the action or proceeding or to be substituted for the decedent in the pending action or proceeding."
>
> (b) Where more than one person executes the affidavit or declaration under this section, the statements required by subdivision (a) shall be modified as appropriate to reflect that fact.
> (c) A certified copy of the decedent's death certificate shall be attached to the affidavit or declaration.

Cal. Code Civ. Proc., § 377.32.

Plaintiffs allege in their Complaint that they are suing on their own behalf and "on behalf of and as representatives for Michael L. Sparling, deceased" and that they are the "sole successors in interest to the Plaintiff-Decedent." [Plaintiffs' Complaint ¶22.] Plaintiffs have not filed an affidavit or declaration with the court that addresses the requirements set forth in C.C.P. § 377.32. Additionally, Defendants are unaware of any death certificate having been filed with the court as required by § 377.32. Accordingly, Plaintiffs do not have standing to sue as they have not avowed that they

are the decedent's successors in interest under penalty of perjury and they have not submitted the death certificate to the court.  The Complaint should be dismissed in its entirety.

2.     Authority to Dismiss Claims Pursuant to FRCP 12(b)(6)

A motion to dismiss under F.R.C.P. 12(b)(6) tests the legal sufficiency of the claims or claims alleged in the complaint.  [Strom v. United States, 641 F.3d 1051, 1067 (9th Cir. 2011).]  In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, the Court must accept the well-pleaded allegations of fact in the complaint as true and construe them in the light most favorable to the plaintiff.  [Warren v. Fox Family Worldwide, Inc., 328 F.3d 1136, 1139 (9th Cir. 2003).]  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  [Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Fed.R.Civ.P. 8(a)(2)) (citations omitted) (alteration in original).]  The Court need not accept "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inference," or "allegations that contradict matters properly subject to judicial notice or by exhibit."  [Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001).]  Claims should be dismissed only when there is either a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."  [Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990).]

Although a facially plausible complaint need not give "detailed factual allegations," it must allege facts sufficient "to raise a right to relief above the speculative level."  Twombly, 550 U.S. at 555.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  These requirements ensure that the

1  defendant receives "fair notice of what the … claim is and the grounds upon which it
2  rests." Twombly, 550 U.S. at 555.

3       Federal Rules of Civil Procedure 8(a)(2) requires pleadings to contain a "short
4  and plain statement of the claim showing that the pleader is entitled to relief."  Fed.
5  R. Civ. P. 8(a)(2).  While Rule 8 does not require detailed allegations, it does require
6  "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."
7  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  A complaint that offers "labels and
8  conclusions" or "a formulaic recitation of the elements of a cause of action will not
9  do."  Twombly, 550 U.S. at 555.  Similarly, a complaint that offers "naked
10 assertion[s]" lacking any "further factual enhancement" will not survive scrutiny.
11 [Id. at 557.]

12      Courts do not accept legal conclusions in a pleading as true.  "[W]here the
13 well-pleaded facts do not permit the court to infer more than the mere possibility of
14 misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is
15 entitled to relief.'"  [Ashcroft v. Iqbal, 556 U.S. at 679 (citing Fed. Rule Civ. Proc.
16 8(a)(2)).]

17      3.      Plaintiff's Seventh Cause of Action for Violations of California
18              Business and Professions Code §17200 is Barred

19          a.      **The Federal Enclave Doctrine Bars Plaintiffs' §17200**
20                  **Claim**

21      "Article I, Section 8, Clause 17 of the United States Constitution provides that
22 Congress shall have the power to exercise exclusive legislation over all places
23 purchased by the consent of the legislature of the state in which the same shall be."
24 Stiefel v. Bechtel Corp., 497 F.Supp.2d 1138, 1147 (S.D. Cal. 2007).  This provision
25 allows the continuance of those state laws, but any preexisting state law will apply
26 only of it is consistent with the purpose of the federal function.  See Pacific Coast
27 Dairy v. Department of Agriculture, 318 U.S. 285 294 (1943) ("When the federal
28 government acquired the tract, local law not inconsistent with federal policy

MOTION TO DISMISS PURSUANT TO 12(b)(2),(6)                          3:13-cv-00667-JLS-DHB
1690623.1

remained in force…"); Taylor v. Lockheed, 78 Cal. App. 4th 472, 482 (2000) (state law preexisting the enclave may continue to apply as long as it is not "in conflict with federal law").   These state laws become federal laws, although having their origin in the laws of the state, because the federal government has exclusive jurisdiction. James Stewart & Co. v. Sadrakula, 309 U.S. 94, 100 (1940); Durham v. Lockheed Martin Corp., 445 F.3d 1247, 1250 (9th Cir.2006) ("Federal courts have federal question jurisdiction over tort claims that arise on 'federal enclaves.'"); Mater v. Holley, 200 F.2d 123, 124 (5th Cir.1952).

Only state laws that are in effect at the time of the United States government's purchase of the land, or the cession or transfer of jurisdiction, are applicable to actions that arise on federal enclaves.   Stiefel v. Bechtel Corp., 497 F.Supp.2d at 1147; James Stewart & Co., 309 U.S. at 100. "Laws subsequently enacted by the state are inapplicable in the federal enclave unless they come within a reservation of jurisdiction or are adopted by Congress." Stiefel v. Bechtel Corp., 497 F.Supp.2d at 1147; See Paul v. United States, 371 U.S. 245, 268 (1963).

The claims made in this case surround a product that was purchased, allegedly ingested, and caused injuries, all of which occurred on the federal enclave of Fort Bliss Military Base in the state of Texas.   [See Plaintiffs' Complaint ¶¶ 26-27.] Because "[f]ederal courts have federal question jurisdiction over tort claims that arise on 'federal enclaves," [Mater, 200 F.2d at 124.]   California's Unlawful Business Acts and Practices laws (Business and Professions Code § 17200) are "inapplicable in the federal enclave unless they come within a reservation of jurisdiction or are adopted by Congress."   [Stiefel, 497 F.Supp.2d at 1147.]

Fort Bliss was purchased in stages by the United States, beginning with the initial acquisition occurring August 13, 1890 and followed by several subsequent acquisitions by warranty deed and quitclaim deed ending in June 1957.  [See Exhibit 3; Request for Judicial Notice "RJN" ¶ 1.]  Through separate deeds of cession dated 1892, 1928, 1932, and 1954, the United States acquired exclusive legislative

jurisdiction over Fort Bliss, and all rights of the state of Texas were relinquished except for service of process and sales and use taxation.  [See Exhibits 4-7; RJN ¶¶ 2-5.]

California Business and Professions Code §17200, *et seq.*, was enacted in 1977[1].  Due to the California law coming into existence well after Fort Bliss became a federal enclave, the California statute is inapplicable on Fort Bliss.  Accordingly, pursuant to the federal government's exclusive jurisdiction, California's Unlawful Business Acts and Practices laws cannot apply to this case and Plaintiffs' seventh cause of action must be dismissed.

b.   **Texas Law, not California Law, will Apply to this Case**

16 U.S.C. §457 provides:

> In the case of the death of any person by the neglect or wrongful act of another within a national park or other place subject to the exclusive jurisdiction of the United States, within the exterior boundaries of any State, such right of action shall exist as though the place were under the jurisdiction of the State within whose exterior boundaries such place may be; and in any action brought to recover on account of injuries sustained in any such place the rights of the parties shall be governed by the laws of the State within the exterior boundaries of which it may be.  16 U.S.C. § 457.

In wrongful death cases where injuries occur on a federal enclave, courts have followed the law of the state where the federal enclave is located.  [*See*, *e.g.*, Jenkins v. Whittaker Corp. 785 F.2d 720 (9th Cir. 1986) (Hawaii law applied over California law to wrongful death action brought against manufacturer of atomic simulator by parents of soldier who died after being injured when the simulator allegedly exploded on federal land in Hawaii.); Quadrini v. Sikorsky Aircraft Division, United Aircraft Corp., 425 F.Supp. 81 (D.C.Conn.1977), on reconsideration 505 F.Supp. 1049 (In wrongful death action against manufacturer of military helicopter which crashed on federal enclave in North Carolina, where decedent lived on enclave in North Carolina

---

[1] Added by Stats.1977, ch. 299, § 1, p. 1202. Amended by Stats.1992, ch. 430 (S.B.1586), § 2.

MOTION TO DISMISS PURSUANT TO 12(b)(2),(6)                    3:13-cv-00667-JLS-DHB
1690623.1

1  and enclave was the location with the most significant relationship with the events

2  and parties involved and, therefore, those claims which sounded in tort were

3  governed by the law of the place of the crash, i.e., the federal enclave in North

4  Carolina); <u>Resnick v. Sikorsky Aircraft, a Div. of United Technologies Corp.</u> 660

5  F.Supp. 415 (D. Conn. 1987) (Law of North Carolina, where army base was located,

6  helicopter maintained and plaintiffs' decedents were stationed, applied to tort claims

7  against manufacturer arising out of crash of helicopter on the base.)]

8  Plaintiff-Decedent resided on Fort Bliss Military Base in the state of Texas at

9  the time of the injury.  [Plaintiffs' Complaint, ¶23.]  Plaintiff-Decedent purchased the

10  product at issue, ingested it, and suffered his injury during training on Fort Bliss

11  Military Base in the state of Texas.   [Plaintiffs' Complaint, ¶¶26-27.] Given that

12  every salient occurrence and fact involved in this case occurred in the state of Texas

13  on Fort Bliss Military Base, Texas law will apply to this wrongful death case and

14  Plaintiffs' claim under California Business and Professions Code §17200, *et seq.*,

15  must be dismissed.

16  c.     **<u>Plaintiffs Fail to Meet the Heightened Pleading</u>**

17  **<u>Standards</u>**

18  Plaintiffs' state law claims based in California Business and Professions Code

19  §17200, *et seq.*, are based in fraud.  [*See* Plaintiffs' Complaint, ¶¶136-137, 139,

20  alleging that Defendants have "engaged in unlawful, unfair and fraudulent business

21  acts and practices and false advertising."]   In the past, federal courts permitted

22  unsupported and conclusory assertions of malice, oppression and fraud under the

23  California statute to suffice for purposes of federal pleading requirements, [*see* <u>Clark</u>

24  <u>v. State Farm Mutual Automobile Ins. Co.</u>, 231 F.R.D. 405, 406 (C.D. Cal. 2005)].

25  Now, however, <u>Iqbal</u> and <u>Twombly</u> require plaintiffs to show more.   <u>Iqbal</u>, for

26  example, requires a plaintiff to show – not just allege – that they are entitled to the

27  relief sought.   [<u>Ashcroft v. Iqbal</u>, 556 U.S. at 679 (citing Fed. Rule Civ. Proc.

28  8(a)(2)).]

1       To satisfy the heightened pleading standards for such allegations under FRCP

2   9(b), Plaintiffs must allege time, place, and content of the alleged misrepresentation

3   or omission [Decker v. GlenFed, Inc., 42 F.3d 1541, 1548 (9th Cir. 1994 (superseded

4   by statute on other grounds)], as well as the identity of the person who made the

5   misrepresentation or omission.  [Kearns v. Ford Motor Co., 567 F.3d 1120, 1125-26

6   (9th Cir. 2009).]  Plaintiffs essentially must state "the who, what, when, where and

7   how of the misconduct charged."  [Id.]

8       Here, Plaintiffs have failed to meet this heightened pleading standard for any

9   of the misrepresentations or omissions alleged in the complaint.  The Complaint is

10  devoid of any specific persons who made misrepresentations or omissions.  Even if

11  assumed as true, there are no facts in the Complaint that would indicate any specific

12  Defendant intended Plaintiff to be injured by their alleged conduct.  [*See*, e.g.,

13  Sherman v. Stryker Corp., 2009 WL 2241664, at *2 (C.D. Cal. Mar. 30, 2009) ("Rule

14  9(b) does not allow a complaint to merely lump multiple defendants together but

15  requires plaintiffs to differentiate their allegations when suing more than one

16  defendant … and inform each defendant separately of the allegations surrounding his

17  alleged participation in fraud.") (quotations omitted); Decker, 42 F.3d at 1548;

18  Kearns, 567 F.3d at 1125 (dismissing fraud claim because plaintiff failed to indicate

19  who within the "sales personnel" made the misrepresentation).]  For example,

20  Plaintiffs "assert violation of the public policy against engaging in false and

21  misleading advertising, unfair competition, and deceptive conduct toward

22  consumers" [Plaintiffs' Complaint ¶ 134] without specifying any of the "who, what,

23  when, where and how of the misconduct charged."  [Kearns, 567 F.3d at 1125.]

24      Additionally, Plaintiffs state that Defendants "conveyed their deceptive

25  claims" about Jack3d and refer to various advertisements and other statements on

26  websites.  [Plaintiffs' Complaint ¶¶ 39-42.]  Yet, none of those allegations has a

27  timeframe associated with them.  Plaintiffs also claim that Defendants engaged in

28  "unfair, deceptive, untrue and misleading advertising" and that Defendants' claims

18

were "false, misleading and/or likely to deceive".   [Plaintiffs' Complaint ¶¶ 129, 137.]   Finally, Plaintiffs allege that Defendants' "failure to disclose information deprived Plaintiff-Decedent of necessary information to enable Plaintiff-Decedent to weigh the true risks of Jack3d against the benefits in making his decision to use Jack3d." [Plaintiffs' Complaint ¶ 151.]

These allegations are inconsistent and incorrect.  Plaintiff-Decedent died on June 1, 2011, [Plaintiffs' Complaint ¶27], yet Plaintiffs' Complaint claims that Defendants engaged in conscious disregard of the dangers of Jack3d based on studies conducted in 2011 and 2012.  [Plaintiffs' Complaint ¶¶ 60-62, 65, 152.]    All of the studies referenced by Plaintiffs were published after Plaintiff-Decedent's death.  Plaintiffs allegations that Defendants "knew, or in the exercise of reasonable care ought to have known, from their own studies that DMAA …is dangerous" is wrong.  It is impossible for Defendants to have engaged in "conscious and deliberate disregard for the rights and safety of" Plaintiff-Decedent [Plaintiffs' Complaint ¶¶ 65, 152] when the studies Plaintiffs rely upon for that claim had not been published until after his death.

For the reasons set forth above Plaintiffs' seventh cause of action for violations of California Business and Professions Code §17200 must be dismissed.

   4. <u>Under Either California or Texas Law, Plaintiffs Claim for Punitive Damages Must be Dismissed</u>

While punitive damages are a remedy and not a claim, Plaintiffs plead punitive damages as a claim in their Complaint.  Punitive damages are not recoverable in this wrongful death lawsuit.

   a. <u>Under Texas Law, Parents of a Decedent in a Wrongful Death Case Cannot Recover Punitive Damages</u>

The state of Texas addresses wrongful death claims in its Constitution:

"Every person, corporation, or company, that may commit a homicide, through wilful act, or omission, or gross neglect, shall be responsible, in

19

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

exemplary damages, to the surviving husband, widow, heirs of his or her body, or such of them as there may be, without regard to any criminal proceeding that may or may not be had in relation to the homicide." Tex. Const. art. XVI, § 26.

Only survivors enumerated in the constitutional provision ("surviving husband, widow, heirs of his or her body") may recover punitive damages in wrongful death actions.  "[P]arents of the deceased, while they are entitled to maintain an action under the Wrongful Death statute, are not included in article XVI, § 26 and are therefore unable to recover punitive damages.  [General Chemical Corp. v. De La Lastra, 852 S.W.2d 916, 923 (Tex. 1993).  *See* Scoggins v. Southwestern Electric Service Co., 434 S.W.2d 376, 380 (Tex.Civ.App.—Tyler 1968, writ ref'd n.r.e.) (holding that the limit on who can recover for punitive damages in wrongful death is created by the Constitution and Legislature cannot "enlarge the cause of action in favor of additional beneficiaries."); Moreno v. Sterling Drug, Inc., 787 S.W.2d 348, 357 n.10 (Tex. 1990) (Parents of a deceased child have no constitutional right to recover exemplary damages under art. 16, § 26.)]

"Plaintiffs Leanne Sparling and Michael J Sparling are the parents of, and sole successors in interest to the Plaintiff-Decedent Michael L. Sparling."  [Plaintiffs' Complaint ¶ 22.]  Plaintiffs allege claims for punitive damages and wrongful death in their Complaint.  Pursuant to the Constitution of the state of Texas, Plaintiffs are barred from obtaining punitive damages.

        b.    California Law, Does not Allow for Punitive Damages in a Wrongful Death Action

California Code Civ. Proc., § 377.34 states:

In an action or proceeding by a decedent's personal representative or successor in interest on the decedent's cause of action, the damages recoverable are limited to the loss or damage that the decedent sustained or incurred before death, including any penalties or punitive or exemplary damages that the decedent would have been entitled to

recover had the decedent lived, and do not include damages for pain, suffering, or disfigurement.

California Code of Civil Procedure section § 377.61, which applies in wrongful death actions, provides:

In an action under this article, damages may be awarded that, under all the circumstances of the case, may be just, but may not include damages recoverable under Section 377.34. The court shall determine the respective rights in an award of the persons entitled to assert the cause of action.

It is well established California law that, absent a showing of felony homicide, wrongful death claimants cannot recover punitive damages no matter how reprehensible the defendant's conduct. [CCP §§ 377.34, 377.61; Tarasoff v. Regents of Univ. of Calif., 17 Cal. 3d 425, 450 (1976).]   The constitutionality of this exclusion has been upheld.  [See In re Paris Air Crash, 622 F.2d 1315 (9th Cir. 1980), certiorari denied 449 U.S. 976; Ford Motor Co. v. Super.Ct., 120 Cal.App. 3d 748 (1981); Georgie Boy Mfg., Inc. v. Super.Ct., 115 Cal.App. 3d 217 (1981); In re Paris Air Crash of March 3, 1974, 622 F.2d 1315 (9th Cir. 1980), cert.den. (1980) 449 US 976.]   Pursuant to California law, Plaintiffs' punitive damages claim must be dismissed.

IV.   **CONCLUSION**

Based on the foregoing, Defendants JONATHAN VINCENT DOYLE, JACOB GEISSLER, USPLABS JACK3D, LLC and USPLABS HOLDING, LLC respectfully request this Court dismiss the Plaintiffs Complaint as it violates their due process rights and it would be unreasonable for these Defendants to be forced to defend themselves in California.   Defendants USPLABS, LLC, JONATHAN VINCENT DOYLE, JACOB GEISSLER, USPLABS JACK3D, LLC and USPLABS HOLDING, LLC also respectfully request Plaintiffs' claims for violations of California Business and Professions Code §17200, *et seq.* and Plaintiffs' punitive

21

1    damages claims be dismissed as they fail to state a claim pursuant to the applicable

2    laws.

3

4    Dated:  March 28, 2013          **WILSON, ELSER, MOSKOWITZ,**

5                                    **EDELMAN & DICKER LLP**

6

7                          By:  /s/  John R. Clifford

8                               John R. Clifford, Esq.
                                Patrick W. Berry, Esq.

9                               Attorneys for Defendants USPLABS, LLC,
                                JONATHON DOYLE, JACOB GEISSLER,
                                USPLABS JACK3D, LLC, and USPLABS

10                               HOLDING, LLC

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MOTION TO DISMISS PURSUANT TO 12(b)(2),(6)                          3:13-cv-00667-JLS-DHB
1690623.1