# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

IN RE: OXYELITE PRO AND JACK3D
PRODUCTS LIABILITY LITIGATION　　　　　　　　　　MDL No. 2523

## ORDER DENYING TRANSFER

**Before the Panel:**[*] Pursuant to 28 U.S.C. § 1407, defendant USPlabs, LLC, moves to centralize this litigation, which consists of nine actions pending in six districts as listed on Schedule A, in the Eastern District of Pennsylvania or, alternatively, the Western District of Texas.[1] The actions in this litigation concern USPlabs' dietary supplements sold under the brand names "OxyElite Pro" and "Jack3d," and consist of both individual personal injury actions and false advertising class actions with respect to both the original and reformulated versions of the products.[2]

The parties' positions with respect to centralization vary widely. Ten co-defendants[3] and plaintiffs in the *Payne* action support the motion. Plaintiffs in six actions on the motion (*Mazzeo, Ogbanna, Reed, Sparling, Van Houten,* and *Waikiki*) and four potential tag-along actions oppose centralizing all nine actions, but support some combination of separate MDLs: (1) personal injury actions concerning OxyElite Pro and Jack3d products formulated with DMAA; (2) personal injury actions concerning OxyElite Pro formulated with aegeline; and/or (3) a separate MDL for the false advertising actions. Plaintiffs in the *Battuello* and *Campos* actions and defendant Natural Alternatives International, Inc., oppose centralization in any form.

---

[*] Judges Marjorie O. Rendell and Lewis A. Kaplan took no part in the decision of this matter.

[1] The Panel has been notified of nine additional related actions.

[2] The original versions of OxyElite Pro and Jack3d contained 1, 3 dimethylamylamine ("DMAA"), which is allegedly a stimulant. Jack3d also included an ingredient called CarnoSyn that allegedly enhanced the effects of DMAA. The reformulated version of OxyElite Pro contained N-[2-hydroxy-2(4-methoxyphenyl) ethyl]-3-phenyl-2- propenamide ("aegeline"). The versions of the products at issue at issue are no longer on the market following various actions by the U.S. Food and Drug Administration ("FDA") and discontinuation of the products in 2012 and 2013.

[3] USPlabs Jack3d, LLC; USPlabs OxyElite, LLC; USPlabs OxyElite, PN, LLC; USPlabs Holding, LLC; Jonathan Vincent Doyle; Jacob Geissler; GNC Corporation; GNC Holdings, Inc.; The Vitamin Shoppe; and Vitamin Shoppe Industries, Inc.

Defendants contend that centralization of all actions is warranted, notwithstanding differences in the primary active ingredient and the claims presented by the tort and false advertising actions, because all actions allege that the OxyElite Pro and Jack3d product lines are unsafe and rely on the same series of FDA actions to support their claims. Defendants anticipate that actions alleging injury from OxyElite Pro with aegeline will seek discovery concerning the DMAA products as relevant background and, thus, discovery and pretrial motions likely will overlap. In response, plaintiffs in all the pending personal injury actions contend that the DMAA and aegeline formulations are so dissimilar that they are akin to different drugs, referring to the distinct scientific studies, labels, regulatory histories, and injuries associated with DMAA and aegeline. Additionally, plaintiffs in two of the three false advertising actions represent that they will not delve into the medical issues raised by the personal injury actions, and instead will focus on whether USPlabs' advertising was likely to mislead and deceive consumers.

On the basis of the papers filed and the hearing session held, we will deny USPlabs' motion. Although all actions allege that various USPlabs products are unsafe, the Panel is not persuaded that Section 1407 centralization is necessary either to assure the convenience of the parties and witnesses or for the just and efficient conduct of this litigation. On the present record, it appears that the different formulations of the products will not give rise to substantially overlapping discovery, particularly in light of the differences in the health risks alleged and the distinct regulatory responses to the DMAA and aegeline products. Additionally, the three consumer class actions raise a unique threshold issue with respect to the alleged impact of a state court class settlement agreement reached in 2012.

The Panel also declines plaintiffs' invitation to establish three separate MDLs to compensate for the differences in the actions. There are a limited number of actions and involved counsel, with two groups of plaintiffs' counsel already coordinating most of the personal injury actions. At oral argument, plaintiffs' counsel in three of the actions concerning DMAA indicated that the number of such actions would remain small since USPlabs' inventory of DMAA products was destroyed in 2012. Additionally, the record indicates that the actions alleging injury from aegeline already are being coordinated in the District of Hawaii.

In the present circumstances, voluntary coordination among the parties and the involved judges is preferable to centralization. We encourage the parties to employ various alternatives to transfer which may minimize the potential for duplicative discovery and/or inconsistent pretrial rulings. *See, e.g., In re: Yellow Brass Plumbing Component Prods. Liability Litig.*, 844 F. Supp. 2d 1377, 1378 (J.P.M.L. 2012); *see also Manual for Complex Litigation, Fourth*, § 20.14 (2004).

-3-

IT IS THEREFORE ORDERED that the motion, pursuant to 28 U.S.C. § 1407, for centralization of these actions is denied.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

Charles R. Breyer       Sarah S. Vance
Ellen Segal Huvelle

IN RE: OXYELITE PRO AND JACK3D
PRODUCTS LIABILITY LITIGATION                                MDL No. 2523

## SCHEDULE A

<u>Southern District of California</u>

CAMPOS, ET AL. V. USPLABS, LLC, ET AL., C.A. No. 3:13-02891
REED, ET AL. V. USPLABS, LLC, ET AL., C.A. No. 3:13-03135

<u>Northern District of Florida</u>

PAYNE, ET AL. V. USPLABS, LLC, ET AL., C.A. No. 4:13-00627

<u>Southern District of Florida</u>

MAZZEO V. USPLABS, LLC, C.A. No. 0:13-62639

<u>District of Hawaii</u>

VAN HOUTEN V. USPLABS, LLC, ET AL., C.A. No. 1:13-00635
WAIKIKI V. USPLABS, LLC, ET AL., C.A. No. 1:13-00639

<u>Eastern District of Pennsylvania</u>

BATTUELLO V. USPLABS, LLC, ET AL., C.A. No. 2:13-04101

<u>Western District of Texas</u>

SPARLING, ET AL. V. DOYLE, ET AL., C.A. No. 3:13-00323
OGBONNA V. USPLABS, LLC, ET AL., C.A. No. 3:13-00347