UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| LEANNE SPARLING and MICHAEL J. SPARLING, on behalf of and as representatives for MICHAEL L. SPARLING, deceased,<br><br>Plaintiffs,<br><br>v.<br><br>JONATHAN VINCENT DOYLE, an Individual, JACOB GEISSLER, an Individual, USPLABS JACK3D, LLC, USPLABS, LLC, USPLABS HOLDING, LLC, GNC CORPORATION, NATURAL ALTERNATIVES INTERNATIONAL, INC., and DOES 1-500, inclusive,<br><br>Defendants. | § § § § § § § § § § § § § § § § § § | EP-13-CV-00323-DCG |

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' EMERGENCY MOTION TO COMPEL PLAINTIFFS' EXPERT DEPOSITIONS PRIOR TO EXCHANGE OF DEFENDANTS' EXPERT REPORTS AND PLAINTIFFS' CROSS MOTION FOR PROTECTIVE ORDER**

PLAINTIFFS' OPPOSITION TO DEFENDANTS' EMERGENCY MOTION TO
COMPEL PLAINTIFFS' EXPERT DEPOSITIONS PRIOR TO EXCHANGE OF
DEFENDANTS' EXPERT REPORTS AND PLAINTIFFS' CROSS MOTION FOR
PROTECTIVE ORDER

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.  INTRODUCTION

Plaintiffs hereby oppose Defendants' Motion to Compel the testimony of Plaintiffs' Rule 26 experts prior to the production of Defendants' court-ordered Rule 26 expert reports on October 30, 2014. In so doing, Plaintiffs also seek a Protective Order prohibiting Defendants from taking the depositions of Plaintiffs experts until Defendants produce their expert reports as ordered on October 30, 2014. Despite the inflammatory tone of Defendants' briefing, the fact remains that Defendants are attempting to utilize this Court's generous one-month extension on production of their own Rule 26 expert reports to place themselves in a different position than before they substituted new counsel.

### II.  FACTS

Defendants' initial reports were due by Stipulation on September 29, 2014. (ECF #106) Yet on September 9, 2014 Defendants sought new counsel who promptly filed an Emergency Motion to continue discovery deadlines. (ECF #125) The Court graciously granted the Motion in part giving Defendants an additional month to produce Rule 26 expert reports. (ECF # 131)

Defendants made their first request for the availability of Plaintiffs' experts on September 2, 2014, in which they requested the depositions to take place beginning October 1, 2014, **after** the due date for their expert reports of September 29, 2014. (Declaration of Sean Thomas Higgins, ¶ 2.) Plaintiffs began working on the availability of those experts and on September 16, 2014 notified Defendants that their experts were available on October 23, October 28, October 30, November 4, and November 6 (pending the availability of one final expert). (*Id.*) No attempt was made to notice those depositions. Then on October 1, 2014, after this Court granted Defendants' request for an extension and only 30 days prior to the due date of their expert reports, Defendants made the

PLAINTIFFS' OPPOSITION TO DEFENDANTS' EMERGENCY MOTION TO COMPEL PLAINTIFFS' EXPERT DEPOSITIONS PRIOR TO EXCHANGE OF DEFENDANTS' EXPERT REPORTS AND PLAINTIFFS' CROSS MOTION FOR PROTECTIVE ORDER

unreasonable request to have all the depositions of Plaintiffs' experts to be completed before their expert reports were due on October 30, 2014.

## III.   ARGUMENT

The timeline of events make it clear Defendants are gaming this Court's extension. When they initially asked for the availability of experts, Defendants asked for the depositions to begin **after** their expert reports were due. Now, with the benefit of this Court's extension, they attempt to extract a strategic benefit not previously contemplated by hoping to get testimony from Plaintiffs' experts **before** Defendants ever have to produce an expert opinion. [2]

Based on timing alone, the question is raised whether the current attempt by Defendants was already planned when this Court granted the last extension. If Defendants were contemplating a change in the order of discovery, forthrightness demanded they address it in their briefing or at the hearing because it was material to the length of the extension. Plaintiffs would have objected to the one month extension for expert reports had they understood what that month was being used for.

On top of which, as all litigators know, experts are professionals with very busy schedules. They are not lay fact witnesses who can be available at a moment's notice. Defendants' attempt to logjam six expert depositions into a narrow 30-day window was doomed *ab initio,* since it was unlikely six experts at the top of their field could be made available, prepared, and deposed at locations throughout the country inside of thirty days. And indeed, Plaintiffs had previously offered their experts for depositions with the first expert being available October 23 and several only available in November. That was a month ago. No doubt the experts' schedules are even less likely

---

[2] Defendants once again attempt to argue the merits of their case in their briefing claiming Plaintiffs are hiding behind weaknesses in their case. While untrue Plaintiffs will not engage in a discussion of the merits which is clearly improper for the type of discovery motion under consideration.

PLAINTIFFS' OPPOSITION TO DEFENDANTS' EMERGENCY MOTION TO COMPEL PLAINTIFFS' EXPERT DEPOSITIONS PRIOR TO EXCHANGE OF DEFENDANTS' EXPERT REPORTS AND PLAINTIFFS' CROSS MOTION FOR PROTECTIVE ORDER

to accommodate a deposition in October. Defendants knew perfectly well Plaintiffs' experts were not available in the month of October. This leaves the inescapable conclusion that Defendants never had an intention of producing their expert reports as ordered. They knew that even if Plaintiffs agreed to put their experts up prior to the exchange of Defendants' expert reports that it was not feasible it could be done on such short notice. Meanwhile, Plaintiffs served their completed expert reports and 6,000 pages of supporting Exhibits on August 29, 2014. A substitution of counsel and emergency motion later, Defendants still have yet to produce their reports. Yet now they want to put the focus on Plaintiffs.[3]

While it is true the Federal Rules do not require that Plaintiffs' experts be deposed after the receipt of Defendants' expert reports, neither do the Rules expressly grant the right of one party to take the deposition of another's expert before producing the report of one's own expert. (See Fed Rule 26(b)(4)(A) which states when a party *cannot* take a deposition, not when it *can*.) Thus, this is a case management issue. The exchange of reports prior to depositions is the efficient way to manage cases with numerous experts as here. For example, the Pinnacle MDL in the Northern District of Texas has a trial schedule in which Plaintiffs submit their reports, Defendants submit their reports, Plaintiff's experts are deposed and then Defendants' experts are deposed. (See Exhibit A hereto a true and correct copy of that Scheduling Order.) That is the natural order. It would simply be inequitable for Defense experts to have the benefit of both expert reports and expert testimony before

---

[3] To the extent Defendants take issue with the fact Plaintiffs did not file a Protective Order, Defendants first indicated their desire for the depositions on September 2, 2014 . Plaintiff's Counsel provided dates on August 16, 2014. No depositions were noticed. On October 1, 2014, strangely, despite being aware of the availability of Plaintiff's experts in late October and November, Defendants for the first time requested all depositions be completed in October. Only on October 10, 2014, the same day Defendant's Motion to Compel was filed, did counsel have a telephonic meet and confer. The fact is, Plaintiffs simply did not have time to file a Protective Order, nor could they since Defendants had not noticed the depositions from which protection was needed. Only when Defendants filed the instant Motion was the issue ripe for this Court's decision.

PLAINTIFFS' OPPOSITION TO DEFENDANTS' EMERGENCY MOTION TO COMPEL
PLAINTIFFS' EXPERT DEPOSITIONS PRIOR TO EXCHANGE OF DEFENDANTS'
EXPERT REPORTS AND PLAINTIFFS' CROSS MOTION FOR PROTECTIVE ORDER

they are ever required to proffer an expert opinion. The experts should have an understanding of the opposing opinions at the time of their deposition. Moreover, it would be grossly inefficient, as it would very likely involve supplemental reports and perhaps additional expert depositions after Plaintiffs' experts have had the opportunity to learn and respond to the opinions of Defendants' experts. In the unlikely event the testimony of Plaintiffs' experts raised some new issue not present in their reports, Defendants' experts could supplement their reports prior to their deposition. Compared with that remote possibility, as Defendants envision the order it would almost guarantee supplemental reports and additional depositions. Given the limited time the parties have to complete a substantial amount of discovery multiple depositions and supplemental reports of numerous experts (Plaintiffs have designated 6 experts and Defendants have also designated 6 experts) would be tremendously wasteful and inefficient.

When this Court gave the most recent extension to Defendants, it did not permit Pamela Lormand to withdraw for the express purpose of ensuring that Defendants were not left in a position where they could not meet discovery deadlines. Thus, counsel cannot now claim they are not prepared to produce their expert reports.

## III.   CONCLUSION

While no Rule formally prohibits what Defendants seek to do, commonsense informs that Defendants are once again stalling the production of their reports while simultaneously attempting to convert this Court's generosity to completely change the order of discovery. The timeline of events makes Defendants' motives clear. They knew what they asked, even if it should be done, could not be done. From a purely case management viewpoint, Defendants' request is both inefficient and unreasonable.

Plaintiffs respectfully request this Court **DENY** Defendants' Motion to Compel, **GRANT** Plaintiffs' Motion for Protective Order and require Defendants to produce their reports by October 30, 2014 as previously ordered.

Respectfully submitted,

Date: October 17, 2014

ANDREWS & THORNTON

/s/ Sean Thomas Higgins

Sean Thomas Higgins, SBN 266888
2 Corporate Park, Suite 110
Irvine, CA 92606
Tel: (949)748-1000
Fax: (949) 315-3540
shiggins@andrewsthornton.com

PLAINTIFFS' OPPOSITION TO DEFENDANTS' EMERGENCY MOTION TO COMPEL
PLAINTIFFS' EXPERT DEPOSITIONS PRIOR TO EXCHANGE OF DEFENDANTS'
EXPERT REPORTS AND PLAINTIFFS' CROSS MOTION FOR PROTECTIVE ORDER

## CERTIFICATE OF SERVICE

I hereby certify that on October 17, 2014, I electronically filed the **PLAINTIFFS' OPPOSITION TO DEFENDANTS' EMERGENCY MOTION TO COMPEL PLAINTIFFS' EXPERT DEPOSITIONS PRIOR TO EXCHANGE OF DEFENDANTS' EXPERT REPORTS AND PLAINTIFFS' CROSS MOTION FOR PROTECTIVE ORDER; EXHIBIT A TO PLAINTIFFS' OPPOSITION TO DEFENDANTS' EMERGENCY MOTION TO COMPEL; DECLARATION OF SEAN THOMAS HIGGINS IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANTS' EMERGENCY MOTION TO COMPEL PLAINTIFFS' EXPERT DEPOSITIONS PRIOR TO EXCHANGE OF DEFENDANTS' EXPERT REPORTS AND PLAINTIFFS' CROSS MOTION FOR PROTECTIVE ORDER; AND CERTIFICATE OF SERVICE** with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the e-mail addresses denoted in the Electronic Mail Notice List on Pacer.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed at Irvine, CA on October 17, 2014.

By:     *s/ Sean Thomas Higgins*
Sean Thomas Higgins, SBN 266888
Attorney for Plaintiffs
shiggins@andrewsthornton.com
ANDREWS & THORNTON
2 Corporate Park, Suite 110
Irvine, CA 92606
Tel: (949)748-1000
Fax: (949) 315-3540