IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| LEANNE SPARLING and MICHAEL J. SPARLING, on behalf of and as representatives for MICHAEL L. SPARLING, deceased, | § § § § § | |
| Plaintiffs, | § § | |
| v. | § § | NO.  EP-13-CV-323-DCG |
| JONATHAN VINCENT DOYLE, an individual, JACOB GEISSLER, an individual, USPLABS JACK3D, LLC, USPLABS, LLC, USPLABS HOLDING, LLC, GNC CORPORATION, NATURAL ALTERNATIVES INTERNATIONAL, INC., and DOES 1-500, inclusive, | § § § § § § § § § | |
| Defendants. | § | |

**ORDER**

On this day, the Court considered the remaining matters in Plaintiffs' Motion for Award of Attorney Fees (ECF No. 86), filed by Plaintiffs Leanne Sparling and Michael J. Sparling on June 10, 2014.  The current motion was previously referred to the Court under 28 U.S.C. § 636(b) and Appendix C of the Local Court Rules on July 10, 2014.  (ECF No. 97).

After a Hearing on August 26, 2014, the Court entered an Order on September 12, 2014, which, *inter alia*, granted in part Plaintiffs' Motion for Award of Attorney Fees insofar as the Motion sought to determine whether attorney fees were appropriate.  (Order 22, ECF No. 121). The Court ordered that Plaintiffs and Defendants Jonathan Vincent Doyle, an individual, Jacob Geissler, an individual, USPLABS JACK3D, LLC, USPLABS, LLC, USPLABS HOLDING, LLC, and GNC Corporation (collectively, "Defendants") meet and confer on the amount of fees

to be awarded, and ordered that if no agreement was reached, further briefing was necessary. (*Id.* at 22-23). Plaintiffs were ordered to file a Brief, including an itemization of the hours spent on the discovery motions for *Sparling*, all fees, costs, and expenses using the hourly rate of attorneys in El Paso, and an explanation of all calculations. (*Id.* at 23). The Court ordered that Defendants file a response within seven days of service of Plaintiffs' Brief and Plaintiffs file a reply within three days. (*Id.*)

Although the parties conferred, no agreement was reached on the total amount of fees to be awarded. Thereafter, Plaintiffs filed a Brief on September 30, 2014. (Pls.' Br., ECF No. 136). Defendants did not file a Response to Plaintiffs' Brief although the Court's September 12, 2014 Order expressly provided Defendants with the opportunity to do so. (Order 22-23, ECF No. 121). The deadline to file a Response has now passed.

After considering the parties' oral arguments, pleadings, and applicable law, the Court orders that Plaintiffs' Motion for Award of Attorney Fees (ECF No. 86), as modified by Plaintiffs' Brief (ECF No. 136), should be **GRANTED**.

## I. BACKGROUND

The factual background and discovery disputes in this case are well-documented in the Court's prior two Orders in this case. Therefore, the Court only adds background relating to the instant motion.

Plaintiffs' counsel originally submitted a Declaration in support of Plaintiffs' Motion for Award of Attorney Fees, which included the amount of time he spent preparing the discovery motions in this case, in the *Ogbonna* case, and in the *Carolyne* case, totaling 95.6 hours. (Decl. of Sean Thomas Higgins ¶ 22, ECF No. 86-2). Plaintiffs' counsel requested an hourly rate of $500 per hour. (*Id.*) As a result, Plaintiffs' total request for attorney fees was originally

$47,800. (*Id.*)

At the Hearing, Plaintiffs' counsel conceded that work carried over between this case and the *Ogbonna* case. (Hr'g Tr. 60, ECF No. 115). Furthermore, Plaintiffs' counsel indicated that the discovery from the *Carolyne* case was intended to be used in this case and the *Ogbonna* case. (*Id.* at 61).

During the Hearing, the parties agreed that the rate of an El Paso attorney should be used to determine the reasonable hourly rate. (*Id.* at 65, 69). Through the Plaintiffs' subsequent briefing, the Court has been informed that the parties agreed to an hourly rate of $195 per hour. (Pls.' Brief 1, ECF No. 136).

As a result, Plaintiffs' counsel now requests total fees and costs in the amount of $6,836.93. (*Id.* at 3). This total amount includes a request for attorney fees in the amount of $6,316.05 (32.39 hours at an hourly rate of $195 per hour) and a request for costs and expenses in the amount of $520.88. (*Id.*)

## II.     LEGAL STANDARD

Rule 37(a)(5)(C) of the Federal Rules of Civil Procedure provides that if the Court grants a motion to compel in part and denies it in part, "the [C]ourt . . . may, after allowing an opportunity to be heard, apportion the reasonable expenses for the motion." Reasonable expenses are those "incurred in making the motion, including attorney fees." Fed. R. Civ. P. 37(a)(5)(A).

The Fifth Circuit has adopted the "lodestar" method to calculate attorney fees in deciding a motion pursuant to Rule 37. *Tollett v. City of Kemah*, 285 F.3d 357, 367 (5th Cir. 2002); *see also Berkley Reg'l Ins. Co. v. Weir Bros.*, No. 3:14-MC-9-B, 2014 WL 2572798, at *3 (N.D. Tex. June 9, 2014). To determine the lodestar in a case, the Court must first make two

determinations: 1) the number of hours reasonably expended and 2) the reasonable hourly rate. *Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319, 323-24 (5th Cir. 1995) (per curiam) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)).  After these determinations are made, the Court multiplies the number of hours reasonably expended and the reasonable hourly rate to obtain the lodestar.  *Singer v. City of Waco*, 324 F.3d 813, 829 (5th Cir. 2003) (quoting *Heidtman v. County of El Paso*, 171 F.3d 1038, 1043 (5th Cir. 1999)).  The Court may then, after examining the factors stated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974),[1] accept the lodestar figure, or increase or decrease the lodestar.  *Singer*, 324 F.3d at 829.  However, the lodestar is "presumed to be reasonable and should only be modified in exceptional cases."  *Berkley Reg'l Ins. Co.*, 2014 WL 2572798, at *3 (citing *Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993)).  The Court "should not enhance the lodestar unless the prevailing party shows that enhancement is *necessary* to make the award of attorneys' fees reasonable."  *Watkins*, 7 F.3d at 459 (citing *Blum v. Stenson*, 465 U.S. 886, 897-98 (1984)); *see also City of Burlington v. Dague*, 505 U.S. 557, 562 (1992) (citing *Blum* for the same proposition).

---

[1] The *Singer* court laid out the *Johnson* factors as follows:

> (1) the time and labor required to represent the client or clients; (2) the novelty and difficulty of the issues in the case; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney; (5) the customary fee charged for those services in the relevant community; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or circumstances; (8) the amount involved and results obtained; (9) the experience, reputation, and ability of the attorney; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Singer v. City of Waco*, 324 F.3d 813, 829 n.11 (5th Cir. 2003) (citing *Heidtman*, 171 F.3d at 1043 n.5).

### III.　ANALYSIS

A.　Lodestar Analysis

    1. **The Number of Hours Reasonably Expended**

In support of this Motion, Plaintiffs' counsel submitted a sworn Amended Declaration which includes an itemization of the time he spent working on the discovery motions in this case. (Am. Decl. ¶ 3, ECF No. 136-1). Plaintiffs' counsel states that he spent: 1) "11.77 total non-duplicative hours briefing the Motion to Compel/opposing the Motion for Protective Order specifically for this case"; 2) "14.95 hours writing the Separate Statements for USP and GNC"; 3) "2.72 hours writing the reply"; 4) "0.915 hours flying to hearing"; 5) "1[.0] hour[s] attending hearing"; and 6) "1.04 hours flying home from hearing" totaling 32.39 hours.[2] (*Id.*)

The burden is on the party moving for attorney fees to present evidence that adequately documents the time spent on the matter. *Watkins*, 7 F.3d at 457; *see also Bode v. United States*, 919 F.2d 1044, 1047 (5th Cir. 1990) (per curiam) ("In determining the amount of an attorney fee award, courts customarily require the applicant to produce contemporaneous billing records or other sufficient documentation so that the district court can fulfill its duty to examine the application for noncompensable hours." (collecting cases)). This time establishes "a benchmark" and "the [C]ourt should exclude all time that is excessive, duplicative, or inadequately documented." *Watkins*, 7 F.3d at 457 (citing *Hensley v. Eckerhart*, 461 U.S. 424, 432-34 (1983); *Von Clark v. Butler*, 916 F.2d 255, 259 (5th Cir. 1990)). The hours that survive this scrutiny are "those reasonably expended on the litigation." *Watkins*, 7 F.3d at 457. The hours included in this calculation are for "time spent in preparing the actual discovery motion or otherwise caused

---

[2] Plaintiffs' counsel notes that numbers three through six were calculated by dividing the total time he spent working on the itemized task in half because the time was split between this case and the *Sparling* case. (Am Decl. ¶ 3, ECF No. 136-1).

No. EP-13-CV-323-DCG                      5

by the other party's failure to comply with discovery." *Berkley Reg'l Ins. Co.*, 2014 WL 2572798, at *3 (citing *Tollett*, 285 F.3d at 368). This does not include fees and expenses that would have otherwise occurred. *Id.* at *3 (citing *Tollett*, 285 F.3d at 368).

Although this Motion is technically unopposed because Defendants did not file a response, Plaintiffs still have the burden of producing sufficient evidence to establish that the time spent by counsel was reasonably expended on the litigation. The Court finds that Plaintiffs have met their burden and that their counsel reasonably expended 32.39 hours litigating the discovery motions in this case as stated in his sworn Declaration.

### 2. The Reasonable Hourly Rate

The reasonable hourly rate is based on "the community in which the district court sits." *Tollett*, 285 F.3d at 368 (quoting *Scham v. Dist. Courts Trying Criminal Cases*, 148 F.3d 554, 558 (5th Cir. 1998), *abrogation on other grounds recognized by Bailey v. Mississippi*, 407 F.3d 684 (5th Cir. 2005). "Generally, the reasonable hourly rate for a particular community is established through affidavits of other attorneys practicing there." *Tollett*, 285 F.3d at 368 (citing *Watkins*, 7 F.3d at 458).

Given that Plaintiffs informed the Court that the parties have agreed to an hourly rate of $195 per hour, the Court finds that rate to be reasonable and will use the hourly rate of $195 to determine the lodestar.

### 3. The Lodestar Determination

Based on a total of 32.39 hours reasonably expended and an hourly rate of $195, the Court finds that the lodestar in this case is $6,316.05. Although the Court considered the *Johnson* factors, the Court declines to modify the lodestar because it is presumed reasonable. The Court finds that Plaintiffs have not shown that "enhancement is *necessary* to make the award

of attorney['s] fees reasonable." *Watkins*, 7 F.3d at 459 (citing *Blum v. Stenson*, 465 U.S. 886, 897-98 (1984)). The Court further finds that this case is neither exceptional nor does either party seek modification of the lodestar. Accordingly, the Court finds that the lodestar amount of $6,316.05 is reasonable.

**B.     Costs and Expenses**

In support of this Motion, Plaintiffs' counsel attached copies of his flight reservations and hotel and rental car receipts. (Ex. A to Am. Decl. 3-6, ECF No. 136-2). Plaintiffs' counsel included costs and expenses in the amounts of $302.85, $111.04, and $106.99, for his airfare, hotel, and rental car, respectively.[3] (Pls.' Br. 3, ECF No. 136). Defendant does not dispute any of these costs. Moreover, the Court concludes that the requested expenses are reasonable and would not have occurred but for Defendants' discovery misconduct. *See Batson v. Neal Spelce Assocs., Inc.*, 765 F.2d 511, 516 (5th Cir. 1985) ("The plain language of Rule 37 . . . provides that only those expenses, including fees, caused by the failure to comply may be assessed against the noncomplying party."); *see also Sherman v. Harrah's New Orleans Casino*, Civ. A. No. 06-2379, 2008 WL 3914970, at *8 (E.D. La. Aug. 20, 2008) (adopting Report and Recommendation which granted the plaintiff hotel, airfare, car rental, gas, and parking expenses in the context of a motion for attorney fees pursuant to Rule 37(a)(5)). Accordingly, the Court finds that the total costs and expenses are directly attributable to the discovery dispute and should be assessed in the amount of $520.88.

**C.     Total Fee Award**

Based on the lodestar amount of $6,316.05 and the total costs and expenses in the amount of $520.88, the Court finds that the total fee award in this case is $6,836.93.

---

[3] These calculations were determined by dividing each amount in half to split the costs between this case and the *Sparling* case. (Pl.'s Br. 3, ECF No. 136).

## IV. CONCLUSION

Based on the foregoing, Plaintiffs' Motion for Award of Attorney Fees (ECF No. 86), as modified by Plaintiffs' Brief (ECF No. 136), is **HEREBY GRANTED**.

It is **THEREFORE ORDERED** that Defendants reimburse Plaintiffs for attorney fees in the amount of $6,316.05, and costs and expenses in the amount of $520.88, for a total reimbursement in the amount of $6,836.93, payable within **thirty (30) days** of this Order.

**SIGNED** this 22nd day of October, 2014.

_____
ANNE BERTON
U.S. MAGISTRATE JUDGE