UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| LEANNE SPARLING and MICHAEL J. SPARLING, on behalf of and as representatives for MICHAEL L. SPARLING, deceased,<br><br>       Plaintiffs,<br><br>v.<br><br>USPLABS, LLC, JONATHAN VINCENT DOYLE (an individual), JACOB GEISSLER (an individual), USPLABS JACK3D, LLC, USPLABS HOLDING, LLC, GNC CORPORATION, NATURAL ALTERNATIVES INTERNATIONAL, INC., and DOES 1-500, Inclusive,<br><br>       Defendants. | Case No.: 3:13-cv-00323-DCG |

**PLAINTIFFS' OPPOSED MOTION TO COMPEL DEPOSITION OF KENTON ENGEL, OR IN THE ALTERNATIVE, ISSUANCE OF LETTERS ROGATORY**

1

## I.    Introduction and Facts

At the heart of the instant dispute is the deposition of a USPLabs officer/employee currently residing in Canada.

From discovery conducted thus far Plaintiffs have discovered the following facts:

1. Kenton Engel was a USPLabs scientific consultant. (Declaration of Sean Thomas Higgins, ¶ 2)

2. Kenton Engel utilized a USPLabs, LLC email handle. (*Id.*)

3. Kenton Engel used a signature block on emails identifying himself prior to Plaintiff-decedent's death as a "Vice President of Customer Relations and Scientific Affairs" at "USPLabs LLC." (*Id.*; Exh. 1 thereto.)

4. Kenton Engel received calls from consumers of USPLabs's Jack3d and OxyElite Pro DMAA products calling the 1-800 number on the product labeling. (*Id.*)

5. Mr. Engel is a director of the entity, 7631618 Canada Ltd., which receives consumer complaints and adverse events on behalf of USPLabs. (*Id.*)

6. As part of his duties, Kenton Engel received, investigated and assisted in the drafting of responses to FDA with respect to adverse events reported by consumers calling the 1-800 number on the product labeling of USPLab's Jack3d and OxyElite DMAA products or emailing USPLabs through its website. (*Id.*)

On December 9, 2014, Plaintiffs requested the deposition of Kenton Engel. (Declaration of Sean Thomas Higgins, ¶ 3.) Again on December 10, 2014, Plaintiffs requested the deposition of Kenton Engel. (*Id.*) On December 11, 2014, Defendants indicated they would check on the availability of Kenton Engel. (*Id.*) On December 22, 2013, Plaintiffs again requested the deposition of Kenton Engel. (*Id.*) That same day Defendants indicated that Kenton Engel was in

Canada and would need to be served under the Hague Convention since he was not a USPLabs employee. (*Id.*) That day Plaintiffs met and conferred with Defendants and explained the necessity for his testimony and the basis on which they believed Kenton Engel was a USPLabs employee that needed to be produced by Defendant USPLabs. (*Id.*) On December 22, 2014, Plaintiffs served a Notice of Deposition of Kenton Engel. (*Id.*; Exh. 2 thereto.) As of the date of filing this Motion, Defendants have not agreed to put Kenton Engel up for deposition, and given the rapidly approaching discovery cutoff, the following motion was necessitated. (*Id.*)

The evidence is clear that Kenton Engel is not only a USPLabs employee but at relevant times was an officer and that he possess discoverable information, and as such, Defendants must make him available for deposition. Should the Court disagree that Kenton Engel be produced by USPLabs, Plaintiffs respectfully request the Court issue the attached Letters Rogatory so they may perfect service on this individual in Canada pursuant to the Hague Convention.

## II.     Argument

The scope of discovery in federal court is broad: allowing discovery of any non-privileged matter relevant to a party's claims. Fed. R. Civ. P. 26(b)(1). A party may make a motion to compel disclosure where another party fails to make a managing agent or officer available for deposition. Fed. R. Civ. P. 37 (d)(1)(A)(i).

### A.     The Witness Possesses Discoverable Information

Mr. Engel is a scientific consultant for USPLabs who receives and investigates reports of serious adverse events resulting from Defendant's DMAA products, Jack3d and OxyElite Pro, as well as assists in the drafting of response letters to FDA with respect to adverse events. In fact, Mr. Engel is a director of the entity, 7631618 Canada Ltd., which receives consumer complaints and adverse events on behalf of USPLabs. Plaintiffs allege that Defendants were on notice that

Jack3d was unreasonably dangerous based in part on receipt of serious adverse events reported from use of Jack3d. (First Amend. Compl. at ¶¶ 74-77.) In fact, Plaintiffs are aware that Defendant received at least one serious adverse event relating to the type of injury suffered by decedent prior to his death that put Defendant on notice. (*Id.* at ¶ 4.) As such, there is no doubt Mr. Engel possesses discoverable information about the notice of, extent of and handling of adverse events received from use of Defendant's DMAA products, Jack3d and OxyElite Pro.

    B.    <u>The Witness is an Employee of and Managing Agent/Officer of Adverse Events at Defendant USPLabs, LLC and His Attendance in Response to the Deposition Notice is Required</u>

As noted above, while Defendant denies that Mr. Engel is an employee, the facts suggest otherwise. He uses an USPLabs email address, appears to be regularly employed by the company, and manages the customer service department (which includes adverse events reported to the company) at USPLabs. Crucially, prior to Plaintiffs' injuries in 2011, Mr. Engel signed his emails as Vice President of Customer Relations and Scientific Affairs. Other than not physically working at the USPLabs headquarters in Dallas, it is difficult to imagine how Mr. Engel could legitimately be considered an independent contractor or non-employee.

Since Mr. Engel is an officer of a party Plaintiff's Notice of Deposition is sufficient and Mr. Engel must be produced for deposition. While the date for that deposition has not yet passed based on Defendant's refusal to make him available and the rapidly approaching discovery cutoff Plaintiffs seek the Court's intervention in anticipation of Mr. Engel's non-appearance at the duly noticed deposition.

    C.    <u>In the Alternative, Plaintiffs Seek Letters Rogatory from this Court</u>

Should the Court not require Defendant USPLabs to make Mr. Engel available for

deposition Plaintiffs respectfully request the Court issue Letters Rogatory, attached hereto as Exhibit A. Thereafter, Plaintiffs will make arrangements to have the Letters Rogatory sent to the Central Authority for Alberta, where Mr. Engel is believed to be located, to be served pursuant to the requirements of the Hague Convention, of which Canada is a signatory. However, given the expected timeframe (at least 4 weeks according to the Canadian website) to have the Canadian government process the request, Plaintiffs respectfully request leave from this Court to conduct the deposition after the discovery cutoff. (Decl. at ¶ 5.) Plaintiffs first discovered that Mr. Engel possessed material information in documents produced by Defendant USPLabs in late November and early December. (Decl. at ¶ 6.) Plaintiffs requested his deposition shortly thereafter on December 9 and made several follow-up requests. Not until December 22, 2014 did Defendant first announce it would not make Mr. Engel available and that Plaintiffs would need to serve him pursuant to the Hague Convention. Plaintiffs have acted reasonably and diligently in attempting to obtain Mr. Engel's deposition in a timely matter. Thus, to the extent the deposition may take place after the discovery cutoff Plaintiffs urge it was through no bad faith or dilatory tactics on their part. Moreover, since the trial is not until June this single deposition proceeding in February should not impact the trial or any other pretrial dates.

### III.     Conclusion

Thus, Plaintiffs respectfully request this Court order Defendant USPLabs make Kenton Engel available for deposition at the time, date and place noticed. In the alternative, Plaintiffs request this Court issue the attached Letters Rogatory (Exhibit A) and permit the deposition of Mr. Engel to proceed after the discovery cutoff.

Respectfully Submitted,

Date: December 29, 2014                              ANDREWS & THORNTON

/s/ Sean Thomas Higgins
Sean Thomas Higgins, SBN 266888
2 Corporate Park, Suite 110
Irvine, CA 92606
Tel: (949)748-1000
Fax: (949) 315-3540
shiggins@andrewsthornton.com

*Attorney for Plaintiffs*

## CERTIFICATE OF CONFERENCE

Counsel for Plaintiffs, Sean Thomas Higgins, has made numerous good-faith attempts to resolve the above matters by agreement with Counsel for Defendant, who will not agree to make the witness available and has required the witness be served pursuant to the Hague Convention. Certified to the day of December 29, 2014 by:

ANDREWS & THORNTON

*/s/ Sean Thomas Higgins*
Sean Thomas Higgins

**CERTIFICATE OF SERVICE**

I hereby certify that on December 29, 2014, I electronically filed the following:

- **Plaintiffs' Opposed Motion to Compel Deposition of Kenton Engel, or In The Alternative, Issuance of Letters Rogatory;**
- **Exhibit A to Plaintiffs' Opposed Motion to Compel Deposition of Kenton Engel, or In The Alternative, Issuance of Letters Rogatory**
- **Declaration of Sean Thomas Higgins In Support of Plaintiffs' Opposed Motion to Compel Deposition of Kenton Engel, or In The Alternative, Issuance of Letters Rogatory**
- **Exhibit 1 to Declaration of Sean Thomas Higgins In Support of Plaintiffs' Opposed Motion to Compel Deposition of Kenton Engel, or In The Alternative, Issuance of Letters Rogatory**
- **Exhibit 2 to Declaration of Sean Thomas Higgins In Support of Plaintiffs' Opposed Motion to Compel Deposition of Kenton Engel, or In The Alternative, Issuance of Letters Rogatory; and**
- **Certificate Of Service;**

with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the e-mail addresses denoted in the Electronic Mail Notice List on Pacer.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed at Irvine, CA on December 29, 2014.

By:   *s/ Sean Thomas Higgins*
Sean Thomas Higgins, SBN 266888
Attorney for Plaintiffs
shiggins@andrewsthornton.com
ANDREWS & THORNTON
2 Corporate Park, Suite 110
Irvine, CA 92606
Tel: (949)748-1000
Fax: (949) 315-3540