IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| LEANNE SPARLING and MICHAEL J. SPARLING, on behalf of and as representatives for MICHAEL L. SPARLING, deceased, | § § § § § | |
| Plaintiffs, | § § | |
| v. | § § | NO. EP-13-CV-323-DCG |
| JONATHAN VINCENT DOYLE, an individual, JACOB GEISSLER, an individual, USPLABS JACK3D, LLC, USPLABS, LLC, USPLABS HOLDING, LLC, GNC CORPORATION, NATURAL ALTERNATIVES INTERNATIONAL, INC., and DOES 1-500, inclusive, | § § § § § § § § | |
| Defendants. | § | |

**ORDER**

On this day, the Court considered "Plaintiffs' Opposed Motion to Compel Deposition of Kenton Engel, or in the Alternative, Issuance of Letters Rogatory" (ECF No. 166) ("Motion to Compel") filed by Plaintiffs Leanne Sparling and Michael J. Sparling on December 29, 2014. On January 5, 2015, the matter was referred to this Court under 28 U.S.C. § 636(b) and Appendix C of the Local Court Rules. (ECF No. 167). Defendants Jonathan Vincent Doyle, an individual, Jacob Geissler, an individual, USPLABS JACK3D, LLC, USPLABS, LLC, USPLABS HOLDING, LLC, and GNC Corporation (collectively, "Defendants") have filed no response to Plaintiffs' Motion, and it is therefore deemed unopposed pursuant to Rule CV-7(e) of the Local Court Rules.[1]

---

[1] Rule CV-7(e) of the Local Court Rules states in part, "[a] response to a nondispositive motion shall be filed not later than 7 days after the filing of the motion. If there is no response filed within the time period prescribed by this rule, the court may grant the motion as unopposed."

Although the Court could grant Plaintiffs' Motion without any consideration because it is deemed unopposed, the Court has reviewed Plaintiffs' pleadings and the applicable law and finds that Plaintiffs' Motion to Compel (ECF No. 166) should be **GRANTED IN PART** and **DENIED IN PART**.

## I. BACKGROUND

On December 9, 2014, Plaintiffs' counsel requested the deposition of Kenton Engel, a Vice President of Customer Relations and Scientific Affairs and scientific consultant for USPLabs. (Decl. of Sean Thomas Higgins ¶¶ 2-3, ECF No. 166-2). The next day, Plaintiffs' counsel again requested Mr. Engel's deposition. (*Id.* ¶ 3). On December 11, 2014, Defendants' counsel stated that he would check on Mr. Engel's availability. (*Id.*) On December 22, 2014, Plaintiffs' counsel made his third request for Mr. Engel's deposition. (*Id.*) Defendants' counsel responded by stating that Mr. Engel was in Canada and would need to be served pursuant to the Hague Convention because he was not an employee of USPLabs. (*Id.*) Thereafter, counsel for both parties met and conferred about the issue but could not come to an agreement. Subsequent to the parties meeting and conferring, Plaintiffs' counsel served a Notice of Deposition of Mr. Engel. (*Id.*) On January 7, 2015, during Docket Call held before the Honorable United States District Judge David C. Guaderrama, the parties indicated that USPLabs was working to produce Mr. Engel as a witness.

Plaintiffs request that Defendants be compelled to produce Mr. Engel for the noticed deposition. (Pls.' Mot. 3, ECF No. 166). In support of this argument, Plaintiffs state that Mr. Engel possesses discoverable information and is an employee of and managing agent/officer of adverse events at USPLabs. (*Id.* at 4).

## II.     ANALYSIS

"Under Rule 30(b)(1) of the Federal Rules of Civil Procedure, a specific officer, director, or managing agent of a corporate party may be compelled to give testimony pursuant to a notice of deposition." *Dubai Islamic Bank v. Citibank, N.A.*, No. 99 Civ. 1930 (RMB)(TH), 2002 WL 1159699, at *2 (S.D.N.Y. May 31, 2002).  If the person to be deposed does not qualify as an officer, director, or managing agent, they are not subject to deposition by notice and, if they are not in the United States, they would have to be served pursuant to the procedures of the Hague Convention or some other treaty.  *Id.* (citations omitted).

Determining whether a person is a managing agent of a corporation "has been 'answered pragmatically and on an ad hoc basis.'"  *Bianco v. Globus Med., Inc.*, Case No. 2:12-CV-00147-WCB, 2014 WL 977686, at *2 (E.D. Tex. Mar. 6, 2014) (citing 8A Charles Alan Wright, Arthur R. Miller, & Richard L. Marcus, *Federal Practice and Procedure* § 2103, at 480 (2010)); *see also Dubai Islamic Bank*, 2002 WL 1159699, at *2 (citations omitted).  In the context of Rule 32(a)(2) of the Federal Rules of Civil Procedure, courts have adopted the following factors to determine whether someone is a managing agent:

> (1) whether the agent's interests are identified with those of the principal; (2) the nature and extent of the agent's functions, responsibilities, and duties; (3) the extent of the agent's power to exercise judgment and discretion; and (4) whether any person or persons higher in authority than the deponent were in charge of the particular matter or possessed all of the necessary information.

*Bianco*, 2014 WL 977686, at *2 (citations omitted).  The Court finds that these factors are sufficient to determine whether a person is a managing agent under Rule 30.

Courts have also held that "the term 'managing agent' should 'not be given too literal an interpretation."  *Id.* (citations omitted).  This term is not limited to "persons in the upper management of the corporation."  *Id.*  An employee can be considered a managing agent "if they had significant independence and/or supervisory responsibility with respect to the aspect of the

corporation's activities that are at issue in the case." *Id.* (citation omitted).

The Court finds that Plaintiffs have established that Mr. Engel is a managing agent of USPLabs for the purpose of a Rule 30 deposition.[2] The evidence demonstrates that Mr. Engel possesses knowledge of events relating to the dispute in this case. Mr. Engel identified with the interests of USPLabs through his role managing customer service and 1-800 numbers for USPLabs, his role handling customer complaints sent via e-mail to the USPLabs website, his role as a member of a compliance committee that reviewed adverse events, his role in assisting with the drafting of response letters to the FDA about adverse events, and his role as a director of a Canadian corporation which receives customer complaints and adverse events on behalf of USPLabs. (Decl. of Sean Thomas Higgins ¶ 2, ECF No. 166-2). Furthermore, the evidence shows that Mr. Engel was trained in USPLabs operating procedures on how to handle and report adverse event reports. (*Id.*) The evidence also shows that Mr. Engel used a corporate e-mail account and signed e-mails as "Vice President of Customer Relations and Scientific Affairs" for "USPlabs LLC" prior to the death of the decedent in this case. (*Id.*)

Additionally, as a scientific consultant, Mr. Engel received and investigated reports of serious adverse events resulting from Defendants' DMAA products, Jack3d and OxyElite Pro. (Pls.' Mot. 3, ECF No. 166). Plaintiffs' counsel states that a serious adverse event reporting similar injuries to the decedent in this case was presented to USPLabs prior to the decedent's death. (*Id.*) Therefore, Plaintiffs' counsel argues that Mr. Engel has knowledge about the notice of, extent of, and handling of prior adverse events from the use of Defendants' DMAA products, Jack3d and OxyElite Pro. (Pls.' Mot. 3, ECF No. 166).

---

[2] Plaintiffs make no argument that Mr. Engel is a director of USPLabs, and no evidence provided supports that designation. Additionally, it is unclear as to whether Mr. Engel is an officer of USPLabs. Therefore, the Court limits its analysis to whether Mr. Engel is a managing agent of USPLabs.

No. EP-13-CV-323-DCG                             4

Although Plaintiffs have not made a strong showing in regard to Mr. Engel's power to exercise judgment and discretion and whether there were others in higher authority that possessed all the necessary information, it has been sufficient to qualify Mr. Engel as a managing agent. In particular, as the manager of a department which deals with adverse events reported to the company, there is no indication that Mr. Engel would not have discretion or possess the necessary information. Thus, the Court finds that Mr. Engel is subject to Plaintiffs' Notice of Deposition.

Because the Court finds that Plaintiffs' Motion to Compel should be granted, the Court further finds that Plaintiffs' alternative request seeking the issuance of Letters Rogatory should be **DENIED AS MOOT**.

### III.   CONCLUSION

For the reasons stated above, it is **HEREBY ORDERED** that "Plaintiffs' Opposed Motion to Compel Deposition of Kenton Engel, or in the Alternative, Issuance of Letters Rogatory" (ECF No. 166) is **GRANTED IN PART** and **DENIED IN PART**.

It is **THEREFORE ORDERED** that Plaintiffs' Motion to Compel the deposition of Kenton Engel is **GRANTED** and, it is **ALSO ORDERED** that Defendants are required to produce Mr. Engel for his noticed deposition.

It is **FURTHER ORDERED** that Plaintiffs' alternative request for issuance of Letters Rogatory is **DENIED AS MOOT**.

**SIGNED** and **ENTERED** this 9th day of January, 2015.

**ANNE BERTON**
**U.S. MAGISTRATE JUDGE**